# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

LARRY LEE HENDERSON,                )
                                    )
                Movant,             )
                                    )
        v.                          )           No. 4:12-CV-522 CAS
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                Respondent.         )

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Larry Lee Henderson's pro se motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). The government filed a response in opposition. Movant did not file a traverse, and the time to do so has expired. Therefore, this matter is ready for decision. For the following reasons, movant's Motion to Vacate will be denied.

## *I. Background*

On October 15, 2009, movant was charged in a four count indictment with counterfeiting securities. The indictment stated that in July and August 2009, movant used counterfeited and forged checks in connection with the purchase of vehicles from Chris Auffenberg Chevrolet, Auto Plaza Ford, and Behlmann Automotive.

Movant made his initial appearance on November 20, 2009, and attorney JoAnn Trog was appointed to represent movant.[1] On December 10, 2009, movant's counsel filed a motion to suppress evidence and statements. On December 16, 2009, United States Magistrate Judge Thomas C.

---

[1]Ms. Trog had represented movant in another criminal matter that was pending in this district, United States v. Henderson, 4:04-CR-112 CEJ.

Mummert, III, held a hearing on movant's motion to suppress evidence and statements. On December 30, 2009, Judge Mummert issued a memorandum and a report and recommendation, in which he recommended that movant's motion to suppress statements be granted and motion to suppress evidence be denied.[2] On January 25, 2010, the undersigned adopted the report and recommendation of the Magistrate Judge.

On February 4, 2010, the grand jury returned a superceding indictment. Three of the counts related to the purchase of vehicles from Chris Auffenberg Chevrolet, Auto Plaza Ford, and Behlmann Automotive with counterfeited checks in July and August 2009. A fourth count related to the purchase with a counterfeited check of a vehicle from Jim Trenary Chevrolet in August 2008. On February 26, 2010, movant's attorney filed a motion to dismiss for failure to comply with Federal Rule of Criminal Procedure 12.4. Ms. Trog argued in her motion that the governement had failed to timely disclose the organizational victims with regard to the initial indictment and the superceding indictment. That same day movant's attorney also filed movant's waiver of pretrial motions relating to the constitutionality of evidence obtained by the government. Later that day, the government filed a request for leave to file its Rule 12.4 disclosures out of time.

On March 3, 2010, the grand jury returned a second superceding indictment with four counts of unlawful use of counterfeit securities in connection with the purchase of vehicles from Chris Auffenberg Chevrolet, Auto Plaza Ford, Behlmann Automotive, and Jim Trenary Chevrolet. On March 5, 2010, the parties appeared before Judge Mummert for arraignment on the second superceding indictment. Judge Mummert indicated that in light of the new indictment he would

---

[2]The government had conceded that movant's motion to suppress statements should be granted.

deny movant's motion to dismiss and grant the government's motion for leave to file its Rule 12.4 disclosures out of time.

On March 9, 2010, movant's attorney, JoAnn Trog filed a "Motion for Determination of Conflict of Interest or Waiver Thereof." In the motion, she stated that on March 6, 2010, she "received information that her partner, Hardy C. Menees, has previously represented Chris Auffenberg of Auffenberg Chevrolet in a real estate matter, tax matter and also represented a member of his family." United States v. Henderson, 4:09-CR-658 CAS, Doc. 46 at 1. Ms. Trog also stated in her motion that Mr. Menees's representation of Chris Auffenberg had concluded, and that she never had any dealings or participated in any manner in the representation. Id.

Judge Mummert held a hearing on the matter on March 19, 2010. At the hearing, Ms. Trog indicated that movant had agreed to waive the conflict, but that her partner, Mr. Menees, had not heard back from Mr. Auffenberg as to whether he would waive the conflict. Ms. Trog made an oral motion to withdraw as counsel, which was granted, and Judge Mummert appointed Rodney H. Holmes as movant's counsel. Movant did not object to the appointment of Mr. Holmes as counsel.

In September 2010, the parties reached a plea agreement, under which movant agreed to plead guilty to two of the charges against him, Counts One and Two. Movant signed a written Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement") on September 1, 2010. That same day, movant appeared with counsel before this Court and pleaded guilty as charged to Counts One and Two. The Court accepted movant's guilty plea, the matter was set for sentencing, and a Presentence Investigation Report ("PSR") was ordered.

It was determined in the PSR that movant's base offense level was six pursuant to Section 2B1.1(a)(2) of the United States Sentencing Guidelines Manual. Ten levels were added pursuant

to Section 2B1.1(b)(1)(F), as the loss was more than $120,000.00 but less than $200,000.00. Three levels were subtracted from the offense level pursuant to Section 3E1.1(a) and (b) for acceptance of responsibility for a total offense level of 13. The PSR calculated a criminal history category of VI. Based on a total offense level of 13 and a criminal history category of VI, the guideline imprisonment range was calculated to be 33 to 41 months.

On November 22, 2010, movant's counsel filed objections to the PSR. He objected to the inclusion of a ten level increase for a loss of more than $120,000.00. In his motion, movant argued that that the loss was more than $30,000.00, which resulted in a 6 level increase, for a total offense level of 10, criminal history category of VI, which corresponds to a guideline range of 24-30 months.

On December 2, 2010, a sentencing hearing was held, at which time evidence was presented as to movant's relevant conduct and whether the amount of loss was more than $120,000.00. The Court overruled movant's objection as to the amount of the loss, finding movant's conduct in Counts 3 and 4 of the second superceding indictment was relevant conduct. After giving movant an opportunity to address the Court, the undersigned sentenced movant to a term of imprisonment of 41 months on Count One, and 41months on Counts Two, all such terms to be served concurrently, followed by three (3) years of supervised release. The Court also noted that the sentence "shall run consecutive to the sentence defendant is currently serving under Docket No. 4:04CR112 CEJ, pursuant to the provision of Section 5G.1.3." United States v. Henderson, 4:09-CR-658 CAS, Doc. 102 at 2.

On December 10, 2010, movant filed a pro se notice of appeal and motion to appoint new counsel. This Court denied movant's motion for appointment of new counsel, noting that the motion

should be directed to the Eighth Circuit Court of Appeals. Movant's appeal was submitted to the Eighth Circuit Court of Appeals on the record of the district court. On February 24, 2011, the Court of Appeals granted the government's motion for dismissal, and the appeal was dismissed. Movant's petition for rehearing by the panel was denied on April 15, 2011, and the Eighth Circuit issued its mandate on April 22, 2011. Movant did not file a petition for a writ of certiorari with the United States Supreme Court.

On March 19, 2012, movant filed his <u>pro</u> <u>se</u> Motion to Vacate. In his Motion to Vacate, movant asserts four (4) grounds for relief:

<u>Ground One</u>: "Counsel Holmes was ineffective due to conflict of interest." Doc. 1 at 4.

More specifically,

Counsel Rodney H. Holmes violated the movant's 5th and 6th Amendment Right when the representation beginned [sic] under conflict of interest. Whereas, the matter of indemnification and other matters related to the movant prior to arrest and counsel is and was to be a necessary witness to direct evidence to the movant. All in violation of both Missouri Supreme Court Rules of Professional Conduct, 4 & 3.7 and the U.S. Constitution to wit, counsel knew of such facts before hand and upon accepting the case. <u>Id.</u>

<u>Ground Two</u>: "Counsel JoAnn Trog violated the 6th, 5th Amendment of movant and serve in pretrial under a conflict of interest." <u>Id.</u>

More specifically,

Before holding an evidentiary hearing or a pre-trial motion, it's the standard rule that counsel must review their files for any possible conflict of interest. On the 6th day of March 2010, counsel Trog alleged to have discovered the conflict of interest. However, such discovery of conflict of interest came [sic] a 4th, 5th and 6th Amendment violation to the movant and rendered ineffective assistance thereof. <u>Id.</u>

<u>Ground Three</u>: "Counsel Holmes violated and failed the movant upon appeal by such ineffective assistance before this Honorable Court and upon Appeal. <u>Id.</u> at 7.

Movant did not provide any more specifics as to this ground for relief.[3]

Ground Four: "Prosecutorial Misconduct and Selective Prosecution in violation of Article IV, the plea agreement and 6th Amendment." Id. at 8.

Movant did not provide any more specifics as to this ground for relief.

For the following reasons, movant's claims are without merit.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

_____

[3]In his Motion to Vacate, movant states that he would need leave to file a memorandum in support of his Motion to Vacate because the computers were down in the prison library due to a storm. Movant, however, never filed a motion for leave to file a memorandum in support. Morever, he did not file a traverse in opposition to the government's response to show cause.

## III.  Discussion

### A.    Ineffective Assistance of Counsel.

Movant makes a number of claims of ineffective assistance of counsel. "To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court may address the two prongs of the Strickland test in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

A movant's claim that an attorney was ineffective because he or she acted under a conflict of interest is judged under several different standards depending on the circumstances of the representation. The "general rule" of Strickland does not apply to all situations where an attorney acts under a conflict of interest. Williams v. Ludwick, 761 F.3d 841, 845 (8th Cir. 2014) (citing Mickens v. Taylor, 535 U.S. 162, 166 (2002)). According to the Supreme Court, counsel is ineffective where "the defendant's attorney actively represented conflicting interests." Mickens, 535

U.S. at 166. Prejudice is presumed and reversal is automatic, where the trial court forces defense counsel "to represent codefendants over his timely objection" without determining that no conflict of interest exists. Id. at 167–68. (citing Holloway v. Arkansas, 435 U.S. 475, 488 (1978)). In other words, if an objection is raised regarding joint representation at the trial level, the defendant need only prove an actual conflict of interest and reversal follows automatically upon such a showing. Id. If a defendant does not object to counsel representing a co-defendant, he or she "must demonstrate that 'a conflict of interest actually affected the adequacy of his representation.'" Id. at 168 (quoting Cuyler v. Sullivan, 446 U.S. 335, 348–49 (1980)). A defendant who makes such a showing "need not demonstrate prejudice in order to obtain relief." Cuyler, 446 U.S. at 349–50. (citation omitted).

These standards, however, do no apply to all conflicts of interests. Noe v. United States, 601 F.3d 784, 790 (8th Cir. 2010) (noting that the Supreme Court has not extended the Cuyler standard that presumes prejudice to conflicts other than those arising from situations in which an attorney represents more than one defendant) (citing Mickens, 535 U.S. at 174-75). Without squarely deciding the issue, the Eighth Circuit has argued that Strickland is the appropriate standard for alleged conflicts involving ethical issues other than multiple or serial representation. Morelos v. United States, 709 F.3d 1246, 1252 (8th Cir. 2013) (citations omitted) ("[W]e have expressly refrained from deciding whether the lowered burden in establishing prejudice applies to actual conflicts of interest which did not arise out of multiple representation."); Caban v. United States, 281 F.3d 778, 783 (8th Cir.2002) ("We believe there is much to be said in favor of holding that Cuyler's rationale favoring the 'almost per se rule of prejudice' does not apply outside the context of a conflict between codefendants or serial defendants."). See also Mickens, 535 U.S. at 168 (noting that "the language of [ Cuyler v.] Sullivan itself does not clearly establish, or indeed even support, such

[an] expansive application" of the automatic reversal standard to other types of ethical conflicts). In the case at bar, the Court need not decide whether the lower standard applies because movant has not met his burden under any of the standards.

### 1.    Rodney Holmes conflict of interest

Movant asserts that Mr. Holmes was ineffective in that he had a conflict of interest. He claims that Mr. Holmes was a "necessary witness to direct evidence to the movant," concerning "indemnification and other matters related to the movant prior to arrest." Doc. 1 at 5. Movant provides no other specifics with regard to this claim.

Mr. Holmes was appointed as counsel following Ms. Trog's motion to withdraw. Ms. Trog recommended Mr. Holmes be appointed as counsel because he had represented movant in the past and had some understanding of the current charges. Movant was placed under oath and asked to state his position on the matter. Movant raised an issue concerning the government's compliance with Rule 12.4. Hearing Trans. at 4-7. Movant also expressed concerns that his trial date would be moved back. At no point during the March 19, 2010 hearing did movant state that he had any concerns or objection as to the appointment of Rodney Holmes as replacement counsel. Movant certainly did not raise the concern that Mr. Holmes was a necessary witness in his case.

The fact that an attorney may be a witness does not automatically disqualify the attorney under the Rules of Professional Responsibility.[4] Missouri Supreme Court Rule of Professional Conduct 4-3.7 provides:

---

[4] Local Rule 12.02 of the United States District Court for the Eastern District of Missouri adopts the Code of Professional Responsibility adopted by the Supreme Court of Missouri. See E.D. Mo. Local Rule 12.02.

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

> (1) the testimony relates to an uncontested issue;

> (2) the testimony relates to the nature and value of legal services rendered in the case; or

> (3) disqualification of the lawyer would work substantial hardship on the client.

Rule 4-3.7. The Eighth Circuit Court of Appeals has interpreted Rule 4–3.7 to mean that an attorney is a "necessary witness" only if "there are things to which he will be the only one available to testify." Macheca Transport Co. v. Philadelphia Indem. Co., 463 F.3d 827, 833 (2006) (quoting State ex rel. Wallace v. Munton, 989 S.W.2d 641, 646 (Mo. Ct. App.1999)). Furthermore, the Eighth Circuit has noted that Rule 4-3.7 is generally not applicable to pretrial stages. Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007); Turner v. AIG Domestic Claims, Inc., 2011 WL 4946726, at *6 (D. Neb. Oct. 18, 2011). "By its own terms, Rule 4-3.7 only prohibits a lawyer from acting as an 'advocate at a trial in which the lawyer is likely to be a necessary witness.'" Droste, 477 F.3d at 1036 (quoting Rule 4-3.7) (emphasis added). A lawyer who is likely to be a necessary witness may still represent a client in pretrial proceedings. Id.

Here, movant offers no specifics as to what Mr. Holmes knew regarding "indemnification" and "other matters related to the movant prior to arrest." Therefore, the Court cannot evaluate whether this information would have been salient, or whether there were other witnesses who could have provided the same testimony had movant gone to trial. Second, movant did not go to trial; he pleaded guilty. Consequently, Rule 4-3.7 is not even applicable to the facts of this case.

Even if movant had demonstrated that Mr. Holmes breached his ethical obligations under Rule 4-3.7, movant has not shown how the outcome of his proceedings would have been different

had Mr. Holmes not been his attorney, or how Mr. Holmes' alleged conflict of interest actually affected the adequacy of his representation. Plaintiff has failed to establish a claim under <u>Strickland</u> or even the lower standards of <u>Mickens</u>, or <u>Cuyler</u>. Movant's claim in Ground One is without merit.

### 2. JoAnn Trog Conflict of Interest

Movant argues in Ground Two that his attorney, JoAnn Trog, was ineffective because she did not review her files for conflicts prior to the evidentiary hearing. On March 6, 2010, Ms. Trog discovered that one of her law partners had previously represented Chris Auffenberg, the majority owner of Auffenberg Chevrolet, in a prior civil matter that did not directly involve the company. Upon learning of the conflict, Ms. Trog immediately notified movant, the attorney for the government, and the Court. Further, Ms. Trog's partner notified Mr. Auffenberg of the conflict and inquired whether he would waive the conflict. When no response was received from Mr. Auffenberg, Ms. Trog stated that she believed she had no alternative but to seek leave to withdraw. Judge Mummert noted that at the time of the suppression motion, Ms. Trog had no idea that Auffenberg Chevrolet had any affiliation with her law firm and also that Auffenberg Chevrolet, not Mr. Auffenberg, was the victim of movant's scheme. Further, Mr. Auffenberg did not testify at the suppression hearing, and Ms. Trog did not know of the potential conflict until March 2010.

The circumstances of this case do not warrant relief. This is not a case of joint representation that would require automatic reversal. First, Ms. Trog did not "actively represent conflicting interests." <u>Mickens</u>, 535 U.S. at 166. It was Ms. Trog's partner who had previously represented an owner of a business that was a victim in movant's scheme. Ms. Trog was not involved in that representation, which was unrelated to movant's criminal matter. Second, movant did not object to Ms. Trog's representation. In fact, Ms. Trog stated at the hearing on her motion to withdraw that

movant was willing to waive the conflict. In addition, movant was sworn in at the hearing and he did not express concerns that he had been prejudiced by Ms. Trog's actions.

"Defense counsel have an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises during the course of trial." Dawan v. Lockhart, 980 F.2d 470, 473 (8th Cir. 1992) (quoting Cuyler v. Sullivan, 446 U.S. 335, 346 (1980)). Ms. Trog did inform the Court and movant when she learned of the conflict. That said, even if the Court were to find that Ms. Trog breached her ethical duties and represented movant under a conflict of interest, movant has done nothing to explain how Ms. Trog's alleged conflict of interest "actually affected the adequacy of his representation." Mickens, 535 U.S. at 168. Movant has not identified "a plausible alternative defense strategy or tactic that [Ms. Trog] might have pursued." Noe, 601 F.3d at 790 (citing Winfield v. Roper, 460 F.3d 1026, 1039 (8th Cir. 2006). He has not "show[n] that the alternative strategy was objectively reasonable under the facts of the case, [or] establish[ed] that [Ms. Trog]'s failure to pursue that strategy or tactic was linked to the actual conflict." Id. Alternatively, movant has not shown under Strickland how the outcome of the proceedings would have been different had Ms. Trog reviewed her files for a conflict of interest prior to the evidentiary hearing. Strickland, 466 U.S. at 694. Movant's claim in Ground Two is without merit.

### 3. Ineffective assistance of counsel on appeal

In Ground Three, movant alleges that he is entitled to relief because Mr. Holmes "failed movant on appeal." Doc. 1 at 8. Movant does not provide any specifics as to how his counsel was ineffective as to his appeal. Conclusory allegations, such as movant's, are insufficient to support a claim for ineffective assistance of counsel. Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance); Estes v. United

States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). Furthermore, movant has not demonstrated how the outcome of his proceedings would have been different.

### B.     Prosecutorial Misconduct.

In Ground Four, movant argues that he was the victim of "prosecutorial misconduct and selective prosecution." Doc. 1 at 9. Movant does not provide any specifics in support of this claim and therefore, it will be denied. Where a motion under § 2255 alleges conclusions rather than facts, the Court may deny the motion without an evidentiary hearing. Thomas v. United States, 737 F.3d 1202, 1206–07 (8th Cir. 2013).

In addition, the claim is procedurally barred. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 165 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." Id. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal

basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable.  Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007).  Movant does not make a claim of actual innocence and he has not attempted to show cause for his failure to raise the claim in Ground Four on direct appeal. Therefore, the claim is procedurally barred.

### *IV.  Conclusion*

In his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, movant has failed to raise a meritorious and cognizable claim.  In Grounds One, Two and Three, movant has raised claims of ineffective assistance of counsel.  The claims are without merit because movant has not shown his counsel's performance was constitutionally defective or that he suffered prejudice. Movant also has not shown how any alleged conflict of interest affected the adequacy of his representation.   The claim in Ground Four of prosecutorial misconduct is without merit because movant provided no specifics in support of this claim, and it is procedurally barred because the claim should have been raised on appeal.

Accordingly,

**IT IS HEREBY ORDERED** that movant Larry Lee Henderson's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.** [Doc. 1]

**IT IS FURTHER ORDERED** that movant Larry Lee Henderson has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a

certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003);

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  17th   day of February, 2015.